Matter of Zaire S. (Mary W.) (2020 NY Slip Op 01027)





Matter of Zaire S. (Mary W.)


2020 NY Slip Op 01027


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11029 -47980/16

[*1] In re Zaire S., A Child Under Eighteen Years of Age, etc., Mary W., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order of fact-finding, Family Court, New York County (Emily M. Olshansky, J.), entered on or about December 3, 2018, which found that respondent grandmother neglected the subject child, unanimously reversed, on the law and the facts, without costs, the finding of neglect against the grandmother vacated, and the petition dismissed as against grandmother.
The finding of neglect against the grandmother is not supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). "The statutory test for neglect is minimum degree of care' - not maximum, not best, not ideal — and the failure to exercise that degree of care must be actual, not threatened'" (Matter of Andy Z. [Hong Lai Z.], 105 AD3d 511, 512 [1st Dept 2013], quoting Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]).
Petitioner presented insufficient evidence that the grandmother knew or should have known that the boyfriend had a serious substance abuse problem. While the grandmother was aware that he used alcohol frequently, and he overdosed on drugs one time, the record does not establish the frequency or duration of his drug use prior to the incident that was the subject of this proceeding.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK